Case 4:16-cv-00177 Document 18 Filed in TXSD on 06/14/16 Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
June 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROGER DALE DEAN, <br> TDCJ #01068114, <br><br> Petitioner, <br><br> v. <br><br> LORIE DAVIS, Director, <br> Texas Department of Criminal <br> Justice, Correctional <br> Institutions Division, <br><br> Respondent.[1] | § § § § § § § § § § § § § § | CIVIL ACTION NO. H-16-0177 |

**MEMORANDUM OPINION AND ORDER**

State inmate Roger Dale Dean ("Dean") has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody ("Petition") under 28 U.S.C. § 2254 to challenge a 2001 state court conviction (Docket Entry No. 1). The respondent has filed a Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) with Brief in Support ("Respondent's Motion to Dismiss") (Docket Entry No. 10). In response, Dean has filed Petitioner's Motion to Challenge and Remove Respondent's Motion to Dismiss with Brief in Support ("Petitioner's Response to Motion to Dismiss") (Docket Entry No. 16) and Motion to Show Equitable Tolling Supplement to

---

[1]Effective May 1, 2016, Lorie Davis has succeeded William Stephens as Director of the Texas Department of Criminal Justice - Correctional Institutions Division. Accordingly, Davis is automatically substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Petitioner's Motion to Dismiss Respondent's Motion to Dismiss with Brief in Support ("Petitioner's Supplement to Response") (Docket Entry No. 17). For the reasons stated below, the court will grant Respondent's Motion and will dismiss Dean's Petition.

## I. Procedural History

A jury in the 183rd District Court of Harris County found Dean guilty of capital murder in case number 852,518 and sentenced him to life imprisonment on April 4, 2001.[2] The First Court of Appeals for the State of Texas affirmed Dean's conviction on September 26, 2002.[3] Dean filed a Petition for Discretionary Review ("PDR"), which the Texas Court of Criminal Appeals refused on May 7, 2003. Dean filed a petition for a writ of certiorari with the United States Supreme Court, which was denied on November 17, 2003. Dean v. Texas, 124 S. Ct. 571 (2003).

Because Dean's conviction became final on November 17, 2003, when his writ of certiorari was denied, Dean had one year, until November 17, 2004, to file his federal habeas petition. See U.S.C. § 2244(d)(1)(A). Noting that Dean did not execute his Petition until December 31, 2015, the respondent moves to dismiss the Petition as barred by the statute of limitations.

---

[2]Judgment on Plea Before Jury, Docket Entry No. 9-4, p. 34.

[3]Dean v. State of Texas, No. 01-01-00443-CR (Tex. App.—Houston [1st Dist.] Sept. 26, 2002), Docket Entry No. 9-6.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for all cases filed after April 24, 1996. 28 U.S.C. § 2244(d)(1); Lindh v. Murphy, 117 S. Ct. 2059 (1997). The AEDPA's statute of limitations provision is codified in 28 U.S.C. § 2244(d)(1) as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244 (d)(2) provides for tolling of the limitations period while a properly filed application for state post-conviction review is pending.

Dean's conviction became final on November 17, 2003. That date triggered the statute of limitations found in § 2244(d)(1)(A),

which expired one year later on November 17, 2004. The Petition, which was executed on December 31, 2015, is more than ten years late.

A.  Statutory Tolling

Dean filed a state application for a writ of habeas corpus to challenge his capital murder conviction on March 28, 2014.[4] The Texas Court of Criminal Appeals denied this application on September 23, 2015.[5] Dean's state application did not toll the statute of limitations because it was filed after the limitations period had already lapsed. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). As a result, statutory tolling under § 2244(d)(2) does not apply.

Dean argues that he is entitled to tolling because the State of Texas impeded him from filing his state and federal habeas applications. If the state creates an impediment that violates the Constitution or federal law and prevents an applicant from filing a timely petition, the limitations period does not begin until the impediment is removed. 28 U.S.C. § 2244(d)(1)(B); Egerton v. Cockrell, 334 F.3d 433, 436 (5th Cir. 2003).

Dean argues that the State of Texas impeded his petitions by (1) not allowing a claim of ineffective assistance of counsel on

---

[4]Application for a Writ of Habeas Corpus, Docket Entry No. 9-24, p. 6.

[5]Action Taken, Docket Entry No. 9-18, p. 1.

direct appeal; (2) not appointing counsel for his state habeas petitions; (3) not allowing access to court records; and (4) not holding an evidentiary hearing.[6] None of these arguments have merit.

As for Dean's first argument, ineffective-assistance claims may be raised on direct appeal in Texas. Ex parte White, 160 S.W.3d 46, 49 (Tex. Crim. App. 2004). Additionally, there is no right to an attorney for state post-conviction proceedings, which negates Dean's second argument. Coleman v. Thompson, 111 S. Ct. 2546, 2566 (1991).

Dean's third argument asserts that denying prisoners access to their respective court records is an unconstitutional burden on prisoners. However, there is no federally-protected right of a prisoner to a free copy of his court records when the prisoner is merely seeking to search for errors for future petitions. Moreno v. Curry, No. 06-11277, 2007 U.S. App. LEXIS 29505, at *4 (5th Cir. Dec. 20, 2007).

As for Dean's final argument, because states have no obligation to allow prisoners habeas review, a state court's refusal of an evidentiary hearing does not violate Dean's Constructional habeas rights. See Lackawanna County Dist. Attorney v. Coss, 121 S. Ct. 1567, 1573-74 (2001).

Because Dean has failed to establish a state-created impediment of his right to file a habeas petition, Dean does not

---

[6]Petition, Docket Entry No. 1, p. 15.

satisfy § 2244(d)(1)(B). Dean does not satisfy any other tolling provision under section 2244(d). There has been no showing of a newly recognized constitutional right upon which the Petition is based, and there is no factual predicate for the claims that could not have been discovered if the petitioner had acted with due diligence. See 28 U.S.C. § 2244(d)(1)(C)-(D). Therefore, there is no statutory basis to toll the limitations period under 28 U.S.C. § 2244(d).

B.  **Equitable Tolling**

Dean argues that the court should apply the doctrine of equitable tolling.[7] The AEDPA statute of limitations may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. See Howland v. Quarterman, 507 F.3d 840, 845 (5th Cir. 2007) (citing Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002)). The Supreme Court has clarified that a "'[habeas] petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S. Ct. 2549 (2010) (quoting Pace v. DiGuglielmo, 125 S. Ct. 1807 (2005)).

---

[7]Petitioner's Supplement to Response, Docket Entry No. 17, p. 1.

Dean waited over ten years after his conviction became final before he pursued habeas relief. Dean does not allege facts showing that he took any steps to challenge his conviction during this time. Such a long delay in challenging his conviction gives little validity to Dean's claim of due diligence. "Equity is not intended for those who sleep on their rights." In re Wilson, 442 F.3d 872, 875 (5th Cir. 2006).

Dean appears to blame his delay on his status as an inmate who lacked access to copies of his state court records. He also argues that he had to rely on help from a fellow inmate's mother to obtain information to support his application.[8] Lack of access to state court records, standing alone, is not grounds for equitable tolling because it is not an extraordinary circumstance. See Tiner v. Treon, No. 99-50530, 2000 WL 1273384, at *1 (5th Cir. 2000) (unpublished) (rejecting petitioner's claim that failure of State, district attorney, and petitioner's former attorney to provide petitioner with copy of state records prevented him from filing timely habeas petition, where petitioner did not show State actively misled him or prevented him from filing petition); Brooks v. Quarterman, 202 F. App'x 728, 729 (5th Cir. 2006) (delayed receipt of records did not warrant equitable tolling); see also Jurado v. Burt, 337 F.3d 638, 644 (6th Cir. 2003) (extended delay

---

[8]Petitioner's Supplement to Response, Docket Entry No. 17, pp. 2-3.

while habeas petitioner gathered evidence not entitled to equitable tolling).

Although the petitioner proceeds pro se on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999); see also Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir. 1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling). Because Dean's lengthy period of inaction indicates a lack of due diligence, Dean is not entitled to equitable tolling of the statute of limitations of his habeas petition. Absent a valid basis for tolling the statute of limitations, the Petition will be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

### III.  Certificate of Appealability

The Petition filed in this case is governed by the AEDPA, codified at 28 U.S.C. § 2253, which requires a certification of appealability to issue before an appeal may proceed. See Hallmark v. Johnson, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a

certificate of appealability). Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of Appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1604 (2000)). Under the controlling standard this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El, 123 S. Ct. at 1039.

Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Slack, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set

forth above, this court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner states a valid claim for relief. Therefore, a certificate of appealability will not issue.

### IV. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Docket Entry No. 10) is **GRANTED**.

2. Roger Dale Dean's Petition for a Writ of Habeas Corpus By a Person in State in State Custody (Docket Entry No. 1) is **DENIED,** and this action will be dismissed with prejudice.

3. Dean's Motion to Challenge and Remove Respondent's Motion to Dismiss (Docket Entry No. 16) and Motion to Show Equitable Tolling (Docket Entry No. 17) are **DENIED**.

4. A certificate of appealability is **DENIED.**

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this the 14th day of June, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE